## No. 2017
## Second Circuit

---

## W.  H.  PERRY  v.  W.  H.  WILBOURNE

---

(March 11, 1926, Opinion and Decree)

### (*Syllabus by the Editor*.)

1. **Louisiana Digest—Surveyors and Surveys—Par. 17.**

   Under Article 825 of the Civil Code an action of boundary is imprescriptible and thirty years' possession cannot affect it.

2. **Louisiana  Digest—Appeal—Par. 625; Surveyors and Surveys—Par. 26.**

   The finding of the trial court as to the boundary line being clearly correct is affirmed.

Appeal from the Third Judicial District Court of Louisiana, Parish of Claiborne, Hon. J. E. Reynolds, Judge.

This is a suit to establish a boundary line. Defendant filed a plea of prescription which was dismissed. Judgment ordered a line fixed as laid out by surveyors, Lupo and approved by Barber. Defendant appealed.

Judgment affirmed.

T. H. McEachern, of Homer, attorney for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellant.

ODOM, J.    This is a suit to establish the boundary line between property owned by plaintiff and property owned by defendant situated in a rural section of the Parish of Claiborne.

It seems that some two or three years prior to the filing of this suit there arose a dispute between plaintiff and defendant as to the correct location of the boundary line separating their properties.

The plaintiff at that time employed Mr. Barber, the Parish Surveyor, to establish the said line. The line as established by Barber at the request of the plaintiff was not satisfactory to the defendant.

Plaintiff then filed suit to establish the boundary.

According to plaintiff's testimony, which is not disputed, the defendant, after the institution of the first suit, told plaintiff that if he would dismiss his suit he would accept the line as established by Barber. Plaintiff then dismissed his suit with the understanding that defendant would be satisfied with the Barber line. Subsequently defendant informed plaintiff that he would not abide by the line as established by Barber but that if plaintiff would have the line established by a surveyor by the name of Crowson he would accept it.

Crowson did establish the line but defendant refused to accept the line.

Plaintiff then instituted the present suit, asking that the court appoint a surveyor

to establish the line and make due return into court according to law.

On October 10, 1922, the court appointed James A. Lupo, a surveyor, to establish the line and make due return of his findings according to law.

Subsequent to the appointment of Lupo, at the request of defendant and with the consent of plaintiff, Mr. W. M. Barber, the Parish Surveyor, was appointed as associate surveyor with Lupo to make a survey of the disputed line and locate the same and make due return to the court of their findings on Monday, December 11, 1922.

According to the proces verbal filed in court by these surveyors, both plaintiff and defendant were notified of the time fixed for making the survey and establishment of the line.

The defendant was present, according to the summons, when the line was established.

It seems that surveyor Lupo made the actual survey and that surveyor Barber was present during the time that the survey was being made.

In accordance with the order of court surveyor Lupo made a proces verbal of his findings. His proces verbal was submitted to surveyor Barber and was checked by him from measurements which he had made and was approved and signed by him.

On the trial of the case the court rendered judgment ordering the line fixed and established as laid out by Lupo and approved by Barber.

There is no evidence that the line between these properties had ever been established as provided by law previous to the survey made by the surveyors appointed by the court in this case. There was, however, a fence built many years ago by either the defendant or the authors in title of the plaintiff, but so far as the testimony goes this fence was built on a line which was supposed to be correct but which, according to the testimony, was never established according to law.

The defendant in this case contends that the old fence was built on the correct line and that this old fence line should now be accepted as the correct boundary between the properties.

It seems that the line established by the surveyors appointed by the court in this case does not correspond with the old fence line but cuts off a portion of the property which was originally claimed by Perry and places it over on defendant's side. Insofar as the new line adds to defendant's property it is satisfactory to him; but insofar as the line cuts off a portion of the property which is claimed by defendant and places it on plaintiff's side, it is not satisfactory to defendant.

Defendant, in limine, interposed a plea of prescription, claiming that a portion of the land which he claimed and which was shown by the line established by the surveyors in this case to belong to plaintiff, had been in defendant's possession for more than thirty years.

It is clear, under Article 825 of the Civil Code that the action of boundary is imprescriptible.

The old line as established between the adjacent proprietors was not established according to law but was merely guesswork.

In establishing the boundary in this case, the court proceeded according to the letter of the code.

There is no serious contention that these surveyors have erred in establishing the line and we can see no reason under the testimony adduced why defendant should not accept it without complaint.

There is some testimony to the effect that the line established by Barber and

Lupo does not correspond precisely with the line established by Barber some three years prior; but Mr. Barber explains in his testimony that he is satisfied his original line was erroneous and that the line established by him and Lupo under appointment by the court is the correct line.

Finding no error in the judgment of the court below, it is therefore affirmed. Reynolds, Judge, recused.